# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH RAY OAKBALL, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social )<br>Security Administration, )<br>)<br>        Defendant. ) | Case No. CIV-15-482-RAW-KEW |

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Ray Oakball (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 16, 1961 and was 53 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a forklift operator, cutoff saw operator, and heavy equipment operator. Claimant alleges an inability to work beginning February 1, 2006 due to limitations resulting from degenerative disc disease, status post lumbar spine fusion, diabetes mellitus, sleep apnea, abdominal aortic aneurysm, diverticular disease, and obesity.

**Procedural History**

On July 20, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 25, 2014, Administrative Law Judge ("ALJ") Deborah L. Rose conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. On May 29, 2014, the ALJ issued an unfavorable decision. On October 5, 2015, the Appeals Council declined to review the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained the RFC to perform less than a full range of light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to justify in the evidence the ALJ's RFC determination by producing a required "narrative discussion" supporting the decision.

**RFC Determination**

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease status post lumbar spine fusion, diabetes mellitus, sleep apnea, abdominal aortic aneurysm, diverticular disease, and obesity. (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform less than a full range of light work. In so doing, she found Claimant could lift/carry and/or push/pull up to ten pounds frequently and 20 pounds occasionally, could stand and/or walk for six hours in an eight hour workday, and sit for six hours in an eight hour workday. Claimant could occasionally climb, balance, stoop, kneel, crouch, crawl, handle, and finger. (Tr. 16).

After consulting with a vocational expert, the ALJ determined Claimant could perform the representative job of bakery worker, which was found to exist in sufficient numbers in both the regional and national economies. (Tr. 19). As a result, the ALJ found Claimant was not disabled from February 1, 2006 through the date of the decision. Id.

Claimant contends the ALJ failed to provide sufficient evidentiary support for her findings to reach the RFC. Claimant uses considerable space in his brief to recite the ALJ's discussion in her decision page-by-page. Claimant appears to argue in a broad

5

sense that the ALJ failed to substantiate her findings on limitation and rejecting more stringent limitation with specific references to the record. In the last two pages of Claimant's 25 page brief, he contends the ALJ's discounting of Claimant's credibility by stating the physical examination findings were essentially normal is not substantiated by the record. He cites to the medical record to demonstrate that Claimant underwent lumbar spine fusion surgery in 1990. (Tr. 275). A record from May of 2012 indicates that a lumbar spine MRI from November of 2009 showed marked degenerative changes at L4-L5 with severe narrowing as well as degenerative narrowing at L5-S1. The MRI suggested significant neural foraminal narrowing at L3-L4 at the level above the fusion. The note from Dr. Ronald Woosley showed Claimant was experiencing an exacerbation of low back pain with bilateral leg pain suggestive of an L4 radiculopthy bilaterally, right greater than left. (Tr. 277).

On March 12, 2010, a lumbar spine CT scan revealed a joint space narrowing and erosion of endplates at L4-5 and L5-S1. A large posterior osteophyte at L4-5 caused compression of the dye column. Osteophytosis was present at all levels. At L4-5, there was a severe right paracentral to parasagittal disc protrusion with L4 nerveroot compression. At the L3-4 level, there was broad-based annulus bulging severe facet joint degenerative change, thickening of the ligamentum flavum resulting in severe spinal stenosis and

severe bilateral foraminal stenosis. (Tr. 509).

On September 9, 2010, Claimant underwent decompressive laminectomy with removal of hardware. Claimant reported continued pain in his legs. He wore a back brace. (Tr. 272). Claimant was doing well after the surgery. (Tr. 249). However, he woke up with left arm paresthesia from the elbow down and burning pain from axilla to his hand. (Tr. 249).

On April 11, 2011, Claimant was well-healed from the surgery and showed improvement. He still had some intermittent low back pain. His arm continued to improve, although it was twice as hypersensitive. He reported that he felt he was tolerating it fairly well. (Tr. 268).

On December 28, 2012, Claimant reported some back pain in the lumbar region radiating to the left. The condition was worse with sitting or standing. He took no medication for the pain. (Tr. 820). He was prescribed Meloxicam and a cyclobenzaprine. (Tr. 821).

On January 30, 2013, Claimant still had occasional back pain intermittently with no leg weakness but sciatica type pain bilaterally. (Tr. 824).

The ALJ pointed out all of these findings. He also noted that in August of 2012, Dr. Phillip Williams found no edema or joint swelling, that Claimant moved his extremities well with a normal

7

gait. He was negative on examination for kyphosis, scoliosis, asymmetry, decreased range of motion, and tender points. He was positive for tissue texture changes - bilateral conjunctivitis. (Tr. 392).

The ALJ recognized that Claimant was not taking medication despite back pain in December of 2012. (Tr. 17). Additionally, a spinal examination in January of 2013 revealed only minimal limitation in range of motion. (Tr. 17, 827).

The ALJ examined Claimant's other conditions including cardiovascular problems, gastrointestinal problems, diabetic issues, and carpal tunnel syndrome issues and found only minimal functional limitations resulted. (Tr. 17-18). Claimant, however, does not challenge the ALJ's evaluation of these conditions in this appeal - only the spinal issues. *See* Stokes v. Astrue, 274 Fed.Appx. 675, 688 (10th Cir. 2008)("An appellant must raise all issues and arguments to be reviewed in their opening brief. . . . An issue or argument insufficiently raised in the opening brief is deemed waived.").

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional

8

capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence. The narrative discussion provided by the ALJ adequately supported his findings on functional limitation. No further limitation from Claimant's spinal condition was warranted.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons,

9

the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE